J-S02045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD TILLMAN | |
| Appellant | No. 2075 EDA 2016 |

Appeal from the PCRA Order June 8, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004427-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED JULY 07, 2017**

Edward Tillman appeals from the June 8, 2016 order entered in the Montgomery County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  On appeal, counsel has filed an ***Anders***[1] brief and a petition to withdraw as counsel.  We affirm and grant counsel's petition to withdraw.

The PCRA court set forth the following factual and procedural history:

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).  Because counsel seeks to withdraw on appeal from a denial of PCRA relief, he should have filed a no-merit brief pursuant to ***Commonwealth v. Turner,*** 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley,*** 550 A.2d 213 (Pa.Super. 1988) (*en banc*), rather than an ***Anders*** brief.  However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter."  ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).  We will refer to counsel's brief as a ***Turner/Finley*** Br.

On April 27, 2015, [Tillman] – then represented by Daine Arthur Grey, Jr., Esquire – appeared before the undersigned and entered a negotiated guilty plea to corrupt organizations[1], person not to possess firearm[2], criminal conspiracy[3], and multiple counts of possession of a controlled substance with intent to deliver [("PWID")][4].[2] That same date, the undersigned sentenced [Tillman] in accordance with the terms of his plea agreement with the Commonwealth, imposing an aggregate sentence of not less than nine (9) nor more than twenty (20) years imprisonment.

[1] 18 Pa.C.S.A. §911(B)(1)[.]

[2] 18 Pa.C.S.A. §6105(A)(1)[.]

[3] 18 Pa.C.S.A. §903(A)(1)[.]

[4] 35 P.S. §780-113(A)(30)[.]

On May 5, 2015, Mr. Grey filed on [Tillman's] behalf a timely post-sentence motion to withdraw [Tillman's] guilty plea. In this motion, [Tillman] contended that his guilty plea was not knowingly, voluntarily, and intelligently rendered because he "was feeling intense pressure at the time of his plea, from his co-defendant who happened to be his girlfriend, and felt confused and unsure during the entire process."

Following transcription of the notes of testimony for [Tillman's] guilty plea hearing, the undersigned reviewed the record and determined that [Tillman] was not entitled to withdraw his guilty plea on the basis of the claims raised in his post-sentence motion. Accordingly, by order dated June 26, 2015, the undersigned denied [Tillman's] post-sentence motion, stating the court's reasoning at some length in our order.

---

[2] An information charged Tillman with 65 counts following the investigation of a drug trafficking organization. Tillman pled guilty to six counts of PWID, and one count each of corrupt organizations, person not to possess firearms, and criminal conspiracy.

On July 24, 2015, [Tillman] filed, *pro se*, a notice of direct appeal to the Superior Court of Pennsylvania. That same date, [Tillman] also filed a request that counsel be appointed to represent him on appeal. By order dated July 31, 2015, the undersigned appointed John W. Aitchison, Esquire, to represent [Tillman] as appellate counsel. The undersigned subsequently became aware that, on July 30, 2015, [Tillman] had filed, *pro se*, a petition for reconsideration of our order denying his post-sentence motion. Given that [Tillman] had already filed his direct appeal before filing his *pro se* motion for reconsideration, the undersigned denied said motion for reconsideration by order dated August 10, 2015.

On August 19, 2015, Mr. Aitchison filed on [Tillman's] behalf a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On February 1, 2016, Mr. Aitchison filed a praecipe for discontinuance in the Superior Court, withdrawing [Tillman's] direct appeal (2290 EDA 2015).

On February 25, 2016, Mr. Aitchison filed on [Tillman's] behalf the instant petition pursuant to the [PCRA]. In said petition, [Tillman] contended that his guilty plea resulted from ineffectiveness on the part of Mr. Grey.

On April 11, 2016, the Commonwealth filed a response to [Tillman's] PCRA petition, requesting that the petition be dismissed on the basis that all of the claims raised in the petition were belied by the record and/or were without merit. The Commonwealth also contended that [Tillman] would, in any event, be unable to present evidence on his claims at any evidentiary hearing because the petition failed to attach witness certifications as required by 42 Pa.C.S. §9545(d)(1). On May 3, 2016, [Tillman] filed an amended PCRA petition, attaching witness certifications for Mr. Grey and for [Tillman] himself.

Upon review of the record, the undersigned determined that [Tillman] was not entitled to PCRA relief. Accordingly, on May 10, 2016, the undersigned notified [Tillman], pursuant to Pa.R.Crim.P. 907(a), of this court's intention to dismiss his PCRA petition without a hearing. [Tillman] did not respond to the court's Rule 907(a) Notice, and the

undersigned entered our final order dismissing [Tillman's] petition on June 8, 2016.

On July 6, 2016, Mr. Aitchison filed on [Tillman's] behalf a timely appeal to the Superior Court of Pennsylvania. By order dated July 7, 2016, the undersigned directed Mr. Aitchison to file a statement of the errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On August 1, 2016, Mr. Aitchison filed a statement expressing his intention to file an *Anders/McClendon* brief in lieu of filing a statement of errors complained of on appeal.

Opinion, 8/8/16, at 1-2.

Before we may address the merits of Tillman's appeal, we must determine whether his PCRA counsel has satisfied the requirements for withdrawal under *Turner*/*Finley*. Counsel must "file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless." *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa.Super. 2012) (internal citation omitted). Counsel also must serve copies of the petition to withdraw and no-merit letter on the petitioner and advise the petitioner that he or she has the right to proceed *pro se* or with privately retained counsel. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super. 2011).

In his petition to withdraw, PCRA counsel states that he "conducted a conscientious examination of the record," interviewed Tillman, and "reviewed

case law and legal theories provided by" Tillman. Pet. to Withdraw as Counsel for Appellant at ¶ 5.[3] PCRA counsel stated he reached the determination that the appeal is frivolous and is without basis in law or fact. *Id.* ¶ 6. PCRA counsel also mailed a copy of the petition and brief to Tillman and informed him that, if he wished to continue the appeal, Tillman could retain private counsel or proceed without counsel. *Id.* at ¶ 7. Further, counsel's ***Turner*/*Finley*** brief filed with this Court explained why the issue raised in the PCRA petition lacked merit. We conclude that PCRA counsel has complied with the dictates of ***Turner*/*Finley***. Therefore, we will address the issues raised in the ***Turner*/*Finley*** brief and Tillman's *pro se* response.

PCRA counsel raises the following issue in his ***Turner*/*Finley*** brief: "Whether the trial court erred by dismissing [Tillman's] petition pursuant to the [PCRA]?" ***Turner*/*Finley*** Br. at 8. Tillman also filed a *pro se* response raising additional issues, which we discuss below.

Counsel states that Tillman contends that his trial counsel was ineffective for: failing to ensure he understood the factual basis of the plea; permitting Tillman to plead guilty to corrupt organizations where the charge lacked a factual basis; and coercing him to enter a guilty plea by informing

---

[3] Although counsel's brief states that he interviewed "Mr. Burton" by phone and reviewed correspondence forwarded by "Mr. Burton," it appears that counsel mistakenly referenced "Mr. Burton," rather than "Mr. Tillman." His petition to withdraw confirms that he spoke with Tillman.

him he would receive the maximum sentence if he did not plead guilty. *Turner*/*Finley* Br. at 13.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). To establish the prejudice prong when an appellant has entered a guilty plea, "the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013) (quoting *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244. "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.*

The PCRA court concluded that Tillman's ineffectiveness claim lacked merit. Rule 907 Notice, 5/11/16, at 7-8. The PCRA court noted that at the guilty plea hearing, Tillman stated that his counsel had reviewed the discovery and facts with him and that they had discussed the option of

proceeding to trial. *Id.* at 7. He stated that he wanted to plead guilty, that he was making the decision of his own free will, and that no one forced, threatened, or coerced him to plead guilty. *Id.* The PCRA court further noted that Tillman signed a written guilty plea colloquy and that he stated on the record that the answers on the written colloquy were the same as the answers he would provide in court. *Id.* at 6. The written questions included whether he was pleading guilty of his own free will, whether he was satisfied with his attorney's representation, and whether he had sufficient time to talk to his attorney. *Id.* He responded yes to these written questions. *Id.* As the PCRA court noted, Tillman is bound by the statements made in open court. *Id.* at 5-6 (citing cases).

We further note that at the guilty plea hearing, the parties discussed the counts to which Tillman was pleading guilty and the negotiated sentence for each count. N.T., 4/27/15, at 3-5. The trial court also discussed the applicable maximum sentences for the crimes at issue. *Id.* at 14-17. Further, the following exchange occurred regarding the charges and the factual basis for such charges:

> Q. So from April 30th of 2013 through March 31st of 2014, you were trafficking throughout Montgomery County; is that correct?
>
> A. Yes.
>
> Q. Primarily heroin but also crystal methamphetamine and cocaine.
>
> . . .

Q: You were trafficking heroin, cocaine and crystal methamphetamine.

A: Can I talk to my lawyer?

. . .

(Whereupon, Mr. Grey conferred with [Tillman].)

. . .

Q: Mr. Tillman, you were trafficking three controlled substances: Heroin, cocaine and methamphetamine?

A: Heroin.

Q: Are you saying that you were only trafficking heroin?

A: Yes.

Q. Now, there was a search warrant conducted at the apartment at Theresa Hilary's, 487 West King Street?

A. Yes.

Q. Are you familiar with that address?

A. Yes

Q. And were you using that as a base of your drug trafficking in Pottstown, in the Bright Hope Community?

A. No.

COURT: Am I to understand then that for all the Counts that the man is pleading guilty to his suggestion on the record is he was trafficking heroin? My understanding is that the conceivable maximum just climbed, because you explained to him what they were for heroin, have you not?

[Assistant District Attorney ("ADA")]: I have – I have explained it to him, yes, Your Honor. But he's pleading to Counts open for cocaine and methamphetamine.

(Whereupon, Mr. Grey and [the ADA] conferred off the record.)

(Whereupon, Mr. Grey conferred with [Tillman].)

Q: Now, Mr. Tillman, I'll ask you one more time – I know you just spoke with your attorney – are you agreeing that you, in fact, were trafficking cocaine, methamphetamine and heroin.

A. Yes.

Q. And there was a significant amount of heroin that was stolen from your apartment while juveniles burglarized it and that heroin was, in fact, yours and you were trafficking that?

A. Yes.

Q. And you were found in an hotel room in Philadelphia with a significant quantity of heroin and you were intending to distribute that as well; is that correct?

A. Yes.

. . .

Q. And you are also pleading the conspiracy of possession with intent to deliver. That goes hand-in-hand with the corrupt organization, you were in agreement with Melvin Harris, Johnathan Jackson, Anisha Harris, Teresa Hiller you were in fact trafficking these drugs across Montgomery County?

A. Yes.

*Id.* at 18-22.

We conclude that the record supports the PCRA court's determination that Tillman's ineffectiveness claim lacks merit. Tillman acknowledged the factual basis for the plea, including the factual basis for the corrupt organization charge. Moreover, he stated in his written colloquy and at the guilty plea hearing that he was not forced, threatened, or coerced to plead guilty, which would include that he was not coerced into pleading guilty

because his counsel allegedly informed he would receive the maximum sentence if he did not.

We next address the claims raised in Tillman's *pro se* response:

> A. Whether the Bill of information filed in this matter conformed with the right to formal notice of charges, gu[a]ranteed by the Sixth Amendment of the Federal Constitution and Article I, Section 9 of the Pennsylvania Constitution.

> B. Whether [Tillman] was punished for crimes that w[ere] never committed or punished twice for the same offenses in violation of the Double Jeopardy Clause of the Constitution of the United States and our state's constitution counterpart.

> C. Whether trial counsel was ineffective for inducing [Tillman] to enter a negotiated guilty plea that was not voluntary, knowing, and intelligent.

> D. Whether appellate counsel was ineffective for not going over the record in its entirety and not putting [Tillman's] issues before the trial court.

> E. Whether trial court erred by dismissing [Tillman's] petition pursuant to the Post Conviction Relief Act without an evidentiary hearing.

Tillman's Resp. at 10-11.

Tillman first maintains that the information filed charged 17 counts of PWID, with "absolutely no distinction between counts two(2) through seventeen(17)." *Id.* at 17. He argues the information failed to provide him notice of the charges against him, and, therefore, the trial court lacked jurisdiction to accept the guilty plea. *Id.* at 21.

There are "two requirements for subject matter jurisdiction as it relates to criminal defendants:  the competency of the court to hear the

case, and the provision of formal notice to the defendant of the crimes charged in compliance with the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution." ***Commonwealth v. Jones***, 929 A.2d 205, 210 (Pa. 2007). Here, Tillman does not challenge the trial court's competency, and we conclude that the trial court was competent to hear the case, which involved violations of the criminal code. ***See id.*** at 211 ("There is no question that the Philadelphia County Court of Common Pleas, Criminal Division, was competent to hear cases relating to criminal conspiracy and violations of the Controlled Substance Act.").

We must next determine whether Tillman had proper notice of the charges. In ***Jones***, the defendant challenged the trial court's subject matter jurisdiction to accept a guilty plea because the bill of information included a charge that had been dismissed at a preliminary hearing for failure to establish a prima facie case. 929 A.2d at 206. The Supreme Court noted that although inclusion of the dismissed conspiracy charge on the information was a procedural mistake, the defect, in and of itself, did not divest the trial court of jurisdiction. ***Id.*** at 211. The Court noted that the defendant did not claim the information failed to provide formal and specific accusation of the conspiracy charge. ***Id.*** at 212. The Court concluded that the defendant had notice of the charges, reasoning that: the defendant and his counsel "were well aware of the charges, including conspiracy, as they negotiated a plea bargain with the Commonwealth," ***id.*** at 212, and the

colloquy included a recitation of the facts, the criminal charges at issue, and the relevant sentences contained in the plea bargain, *id.* The Court, therefore, concluded that the Commonwealth had provided formal and specific accusation of the crimes and the procedural flaw in the information did not result in a lack of subject matter jurisdiction. *Id.* The Court held that, because the trial court had jurisdiction to accept the guilty plea, the defendant waived all claims or procedural deficiencies by tendering his plea. *Id.*

Here, although the information did not provide specific factual details for each count, Tillman similarly had notice of the charges to which he pled guilty. A 42-page affidavit of probable cause detailing the "Edward Tillman drug trafficking organization" accompanied the complaint.[4] Further, as in *Jones*, Tillman and trial counsel were able to negotiate a plea agreement with the Commonwealth. At the guilty plea hearing, Tillman admitted to all charges to which he pled guilty, including the PWID charges; agreed to the negotiated sentence for each count; acknowledged the applicable maximum sentences for each count; and agreed to the recitation of facts. Accordingly, Tillman had notice of the charges and the trial court had subject matter jurisdiction to accept the guilty plea. Further, because the trial court had

_____

[4] The affidavit of probable cause accompanied the complaint, which was initiated on May 19, 2014. An information was later filed on November 21, 2014.

jurisdiction to accept the guilty plea, Tillman has waived any challenge to any alleged procedural flaw in the information. **See Jones**, 929 A.2d at 211-12.

Tillman next maintains the sentence imposed by the trial court violated his double jeopardy rights. He argues he did not agree to the facts supporting all PWID charges because at the guilty plea hearing the Commonwealth only mentioned the heroin stolen from Tillman's apartment and the heroin found in his hotel room. Further, similar to his prior argument, he maintains that the court lacked jurisdiction because he did not have formal notice of the facts underlying the offenses. This claim is meritless.

At the guilty plea hearing, the Commonwealth delineated the counts to which Tillman was pleading guilty and the sentences he would receive for each count. N.T., 4/27/15, at 3-5. Tillman's counsel agreed with the Commonwealth's recitation, **id.** at 5, and Tillman stated he had discussed the discovery and facts with his counsel, **id.** at 7. Moreover, Tillman not only admitted to the heroin located in his apartment and hotel room, he also admitted to trafficking cocaine, methamphetamine, and heroin. **Id.** at 13-23. Further, as discussed above, Tillman had formal notice of the facts underlying the offenses. Accordingly, Tillman's claim does not merit relief.

In his third issue, Tillman claims that trial counsel was ineffective for inducing him to enter an unknowing and involuntary plea. Counsel

addressed this claim in his **Turner/Finley** brief and, as discussed above, we agree with counsel that the claim is meritless.

Tillman next argues that his appellate counsel, who also is his PCRA counsel, was ineffective for failing to review the record and for failing to raise the issues raised in his *pro se* response. This argument appears to include a claim that PCRA counsel was ineffective for failing to raise in the PCRA petition his own ineffectiveness for failing to consult with Tillman prior to withdrawing his direct appeal. Had Tillman raised this claim in his PCRA petition, he likely would have been entitled to a hearing to determine whether counsel had obtained Tillman's consent prior to withdrawing the direct appeal. **See Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (noting "[w]hile a defendant has the ability to relinquish his appellate rights, this can only be accomplished through a knowing, voluntary and intelligent waiver" and restoring appellate rights where defendant forfeited rights only because he was informed he would be resentenced, where such resentencing would have been invalid). However, we cannot review this claim because a claim of PCRA counsel ineffectiveness cannot be raised for the first time on appeal. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*).

In his last issue, Tillman claims that the PCRA court erred by dismissing his petition without a hearing. "A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a

- 14 -

claim without a hearing may only be reversed upon a finding of an abuse of discretion." ***Commonwealth v. Walker***, 36 A.3d 1, 17 (Pa. 2011) (citations omitted). Tillman's PCRA petition claimed his trial counsel was ineffective for permitting him to enter an unknowing, unintelligent, and involuntary plea. As discussed above, this issue lacked merit. Further, it did not present a genuine issue of material fact. Accordingly, the PCRA court did not abuse its discretion in denying the petition without an evidentiary hearing.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2017